IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA SINCLAIR and WILLIAM "DIXON" SINCLAIR,** : : : : : | |
| Plaintiffs : | **Civil Action No.** _____ |
| v. : : | **Jury Trial Demanded** |
| **ACME TRUCK LINE, INC. and ELIZABETH GREER** : : : | |
| Defendants. : | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Melissa Sinclair and William "Dixon" Sinclair, through their undersigned counsel, bring this action against Acme Truck Line, Inc. and Elizabeth Greer (collectively referred to as "Defendants") and state and allege as follows:

### INTRODUCTION

1. Plaintiffs bring this action to recover monetary damages, liquidated damages, punitive damages, an award of lost wages, including lost fringe benefits, and front pay from Defendants for their willful violations of: (1) Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e, *et seq.* ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 ("PDA");  (2) the Louisiana Employment Discrimination Law, RS 23:341, *et. seq.* ("LEDL"); and (3) the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### THE PARTIES

2. Plaintiffs Melissa Sinclair and William "Dixon" Sinclair are husband and wife and reside in Summit Mississippi.  ACME Truck Line and Greer employed them from 2014 until late 2015.

3. Defendant ACME Truck Line, Inc., is a Louisiana corporation with its principal place of business located at 200 Westbank Expressway, Gretna, Louisiana, 70053. It maintains a terminal located at 56620 Behrman Street, Slidel, Louisiana, 70458.

4. Defendant Elizabeth Greer is an ACME Truck Line terminal manager at its Slidel Terminal. Based upon information and belief Greer resides in the Slidel, Louisiana area.

5. Defendants controlled Plaintiffs' job duties, assignments and subjected them to their policies.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims under § 28 U.S.C. § 1331, because this action is brought under Title VII and the FLSA. The Court has supplemental jurisdiction over the related Louisiana state law claim under 28 U.S.C. § 1367(a).

7. Venue is proper in the Court because ACME is headquartered and operates facilities in the District and because a substantial part of the events giving rise to the claims occurred in this District.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

8. On or about January 27, 2016, Plaintiffs filed their Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiffs fulfilled all conditions precedent to the institution of this lawsuit.

## FACTUAL ALLEGATIONS

9. In September 2014, ACME entered into a lease agreement with Dixon Sinclair to both lease his tractor and employ him as a driver. Around the same time, ACME employed Melissa Sinclair as a non-driver employee. Dixon's work duties consisted of making assigned pick-ups

and deliveries. Melissa's work duties included attending required trainings, navigation, completion of paperwork, and insuring the safe operation of the tractor and trailer used by ACME. Plaintiffs were required to attend ACME's mandatory trainings and safety meetings as well as maintain Department of Transportation ("DOT") requirements. Defendants failed to pay Melissa any wage while they employed her.

10. Plaintiffs remained dedicated and hard-working employees until September 11, 2015. On that day, Defendants confronted Dixon after learning Melissa was pregnant and birthed a child. After a heated exchange between Greer and Dixon, Greer fired Melissa because of her pregnancy and birth of a child.

11. Not being satisfied with merely firing Melissa, Defendants engaged in a systematic and continuous discriminatory and retaliatory plan of requiring Dixon to arrive and wait at various ACME terminals while Defendants steered work away from Dixon. As a result, Dixon's earnings dropped significantly.

12. Defendants' daily discriminatory behavior continued until they achieved their desired economic harm against Plaintiffs. By purposely limiting Dixon's wages Defendants knew or should have known that Plaintiffs would be forced to sell their tractor. Despite their best efforts to avoid Defendants' harm, Defendants' illegal behavior caused Plaintiffs to fall behind on payments, thereby damaging their credit scores. Plaintiffs still have not recovered from this intentional, discrimination-based harm.

## FIRST CAUSE OF ACTION – TITLE VII

13. Plaintiffs repeat and reallege all preceding paragraphs.

14. Defendants are an "employer" and Plaintiffs were "employees" as defined under Title VII.

15. Title VII, as amended by the PDA, makes it illegal for an employer to discriminate against an employee on the basis of pregnancy.

16. Defendants' behavior of terminating Melissa Sinclair, and purposefully steering work away from Dixon Sinclair, was intentional and based upon Melissa's pregnancy and birthing of a child.

17. Defendants' acts violate Title VII and the PDA and harmed Plaintiffs in the form of lost wages, damage to credit reports, emotional distress, and other economic harm.

18. Therefore, Plaintiffs request that they be awarded all available relief including, but not limited to, a declaratory judgment that Defendants' acts and practices complained of herein are in violations of the laws of the United States, injunctive relief, award of lost wages, including lost fringe benefits, compensation for emotional distress, front pay, compensatory and punitive damages, attorneys' fees, expenses and costs, and all other and further relief this Court deems necessary and proper, which resulted from Defendants' discriminatory behavior.

## SECOND CAUSE OF ACTION - LEDL

19. Plaintiffs repeat and reallege all preceding paragraphs.

20. Defendants are an "employer" and Plaintiffs were "employees" as defined under LEDL.

21. Defendants' behavior of terminating Melissa Sinclair, and purposefully steering work away from Dixon Sinclair, was intentional and based upon Melissa's pregnancy and birthing of a child.

22. Defendants' behavior of terminating Melissa Sinclair, and purposefully steering work away from Dixon Sinclair, was intentional and based upon Melissa's pregnancy and birthing of a child.

23. Therefore, Plaintiffs request that they be awarded all available relief including, but not limited to, a declaratory judgment that Defendants' acts and practices complained of herein are in violations of the laws of the State of Louisiana, injunctive relief, award of lost wages, including lost fringe benefits, compensation for emotional distress, front pay, compensatory and punitive damages, attorneys' fees, expenses and costs, and all other and further relief this Court deems necessary and proper, which resulted from Defendants' discriminatory behavior.

### **THIRD CAUSE OF ACTION - FLSA**

24. Plaintiffs repeat and reallege all preceding paragraphs.

25. At all times relevant to this action, Defendants were an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, *et seq*.

26. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

27. At all times relevant to this action, Melissa Sinclair was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

28. Plaintiffs were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

29. Melissa Sinclair's job was not exempt from the FLSA.

30. At all times relevant to this action, Defendants "suffered or permitted" Melissa to work and thus "employed" her within the meaning of the FLSA, 29 U.S.C. § 203(g).

31. Defendants violated the FLSA by failing to pay Melissa Sinclair any wages for the hours she worked.

32. Defendants' violations were knowing and willful because they are sophisticated employers whom know how to meet the requirements of the federal laws, including the Motor Carrier Act and the FLSA.

33. By failing to compensate Melissa Sinclair at the federally mandated minimum wage Defendants have violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 206(a)(1) and 215(a).

34. The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## DEMAND FOR JURY

35. Plaintiffs hereby demand a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth their Complaint, Plaintiffs request that they be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendants complained of herein are in violations of the laws of the United States and Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, front pay, consequential damages, compensatory and punitive damages, pre-judgment and post-judgment interest, attorneys' fees, expenses, costs, and all other and further relief as the Court deems necessary and proper because of Defendants' unlawful discrimination and denial of wages.

Dated: June 29, 2016                    Respectfully Submitted,

                    By:    /s/Christopher L. Coffin
                           Christopher L. Coffin, LA Bar No. 27902
                           PENDLEY, BAUDIN & COFFIN, LLP
                           1515 Poydras Street, Suite 1400
                           New Orleans, Louisiana 70112
                           Tel: (504) 355-0086
                           Fax: (504) 523-0699

ccoffin@pbclawfirm.com

*Local Counsel for Plaintiffs*

David H. Grounds (MN Bar No. 285742)
JOHNSON BECKER, PLLC
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Tel: (612) 436-1800
Fax: (612) 436-1801
dgrounds@johnsonbecker.com

David S. Ratner, Esq.
DAVID RATNER LAW FIRM
1510 Lexington Avenue, 11J
New York, New York 10029
Tel: (212) 876-2121
david@davidratnerlawfirm.com

*Trial Counsel for Plaintiffs*

7